IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

CIVIL ACTION NO.: 2:17-cv-01623-DCN

| | |
|---|---|
| EARLENE BENTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **DEFENDANTS' NOTICE OF** |
| | ) **MOTION AND MOTION IN** |
| BULLDOG TOURS, INC. AND | ) **LIMINE** |
| AMERICAN COLLEGE OF THE | ) |
| BUILDING ARTS, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Defendants move, in limine, to exclude the following matters from the trial of this case:

1. Any testimony that the conditions inside the Old City Jail that existed on the date of Plaintiff's fall violated any applicable building code. As shown, the City of Charleston determined that no building code applied to the building or to the nighttime ghost tour. Thus, Plaintiff and her expert should not be allowed to reference any building code (particularly the 2000 IBC) or claim that any condition inside the Old City Jail violated a building code provision. As a matter of law, no recognized standard or publication supports any claim that any version of the IBC or any other building code applied to the Old City Jail at the time of Plaintiff's fall.

2. Any reference to repairs or renovations to the Old City Jail building, which would be irrelevant to the claims made by Plaintiff. None of the work involved any determination by the City of Charleston that invoked the terms of the 2000 IBC or any applicable building code to the staircase in question for this lawsuit.

3.   The testimony of Andrew Itterly, who is the boyfriend of Amanda Sterns, who is an attorney at the law firm that filed this lawsuit. <u>Deposition of Andrew Itterly</u>, page 4, line 16-page 5, line 8. She was a law clerk for the law firm in July 2016 when Kevin Smith (an attorney at the firm) asked Itterly and her to "check out the lighting situation" at the Old City Jail because the law firm represented Plaintiff at that time. <u>Id.</u>, page 5, lines 5-19; page 11, lines 8-12; page 12, lines 4-10. Itterly's testimony about his tours, which he did in the Summer 2015 and July 2016, did not match the claims made by Plaintiff and would be irrelevant to any claim she made.

Itterly said he did not have any difficulty navigating the staircase, did not feel unsafe, and did not think the lighting conditions were unsatisfactory when he went on the tour with his cousin in Summer 2015 (about 6-8 months after Ms. Benton's fall). <u>Id.</u>, page 8, lines 1-8. Itterly also testified that no one had difficulty navigating the stairs and no one fell on either of the tours he took. <u>Id.</u>, page 47, lines 11-18. He also said no one complained about the lighting conditions or raised any issue that the lighting conditions were not sufficient. <u>Id.</u>, page 47, line 21-page 48, line 7. Itterly's criticism was that the staircase became dark when the tour guide (who given the limited description offered by Itterly, would not have been the tour guide for Ms. Benton's tour) swung a flashlight between rooms, which is also not a condition that Ms. Benton claimed occurred during her tour.

          TURNER PADGET

          /s/ David S. Cobb
          David S. Cobb (Federal ID No. 6006)
          Post Office Box 22129
          Charleston, South Carolina 29413-2129
          Direct: (843) 576-2803
          Fax: (843) 577-1629

Charleston, South Carolina     dcobb@turnerpadget.com

April 29, 2019                   ATTORNEYS FOR DEFENDANTS